## IN THE U. S. DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| BATSON-COOK COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: CV-3:21-cv-00741 |
| | ) | |
| WORTHINGTON MILLWORK, | ) | |
| LLC and JAY KYLE | ) | |
| BOATWRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Batson-Cook Company submits the following as its Complaint against Defendants Worthington Millwork, LLC and Jay Kyle Boatwright, collectively ("Defendants"), as follows:

## PARTIES

1.      Plaintiff Batson-Cook Company("Batson-Cook") is a corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Georgia. At all times material, Batson-Cook Company was qualified to do business in the State of Florida, and a substantial amount of the transactions and events described in the Complaint occurred in Walton County, Florida.

2.      Defendant Worthington Millwork, LLC ("Worthington") is a Florida limited liability company that at all times material was conducting business in the

1

State of Florida, and with a principal place of business in either the state of Alabama or the State of Florida.

3.     Defendant Jay Kyle Boatwright ("Boatwright") is an individual who is a resident of the State of Alabama or Florida, and who at all times material was conducting business in the State of Florida.

## JURISDICTION

4.     There is complete diversity of citizenship among all parties to this action. The amount in controversy in this action significantly exceeds $75,000.00, exclusive of interests and costs. Therefore, this Court has jurisdiction of this matter pursuant to 28 USCA § 1332(a)(1).

## FACTUAL ALLEGATIONS

5.     In 2019 Batson-Cook was serving as general contractor for the construction of a project commonly referred to as the Sandestin Hotel II or Hotel Effie project (hereinafter the "Project"). The Project involved the construction of a hotel in the Sandestin development located in Walton County, Florida.

6.     On May 6, 2019, Batson-Cook and Defendants entered into a Purchase Order Agreement referred to as Purchase Order No. PO 22031-0011 (the "Purchase Order"). Pursuant to the Purchase Order, Defendants agreed to supply and install a number of building components for the Project, including, but not limited to, GFRC column covers, PVC column covers, PVC column pilasters, fiberglass rails, column

pilasters, exterior wood trellis, stained wood brackets, exterior stained wood ceiling and exterior PVC trim.  Included in the Purchase Order, which is attached hereto as Exhibit A, was a detailed scope of work and scope of materials to be supplied by Defendants. Boatwright signed the Purchase Order in his individual capacity and as a representative of Worthington.

7.      Under the terms and conditions of the Purchase Order, Worthington and Boatwright agreed that a delay in delivery or non-delivery of the materials specified in the Purchase Order would constitute a contract default. In addition, pursuant to the terms and conditions of the Purchase Order, Defendants agreed that time was of the essence with respect to their obligations under the Purchase Order.

8.      Under the terms and conditions of the Purchase Order Defendants expressly warranted that all of the materials they supplied pursuant to the Purchase Order would conform to certain project specifications and contract documents for the Project, and warranted that all of those materials would be reasonably fit and sufficient for the purpose intended, merchantable, and of good material and workmanship and free from defects.

9.      Under the terms and conditions of the Purchase Order Defendants agreed to indemnify, protect and hold harmless Batson-Cook Company against all liabilities, claims, or demands for injury or damages to any person or property whatsoever growing out of Defendants' performance under the Purchase Order.

10.     Pursuant to the Purchase Order, Defendants were to be paid $372,104, which amount was to be paid through an initial payment by Batson-Cook to Defendants of $189,824 as the initial 50% deposit, followed by progress payments to Defendants upon their performance of their obligations under the Purchase Order and submission of valid pay requests or invoices.

11.     On August 8, 2019, Batson-Cook paid Defendants the initial deposit of $189,824 as specified in the purchase order.

12.     After being paid the initial deposit, Defendants repeatedly failed and refused to deliver their performance and materials as required in the Purchase Order. On June 10, 2020, in response to a request from Defendants, a proposed Purchase Order Change Order #1 was presented by Batson-Cook Company to Defendants. Pursuant to Purchase Order #1, the proposed Purchase Order amount would be increased to $406,976.88, and Defendants would perform in accordance with a delivery schedule for various materials and installations to which Defendants had repeatedly committed in communications to Batson-Cook Company.   Defendants refused to execute that proposed Purchase Order Change Order #1.

13.     Thereafter, as they had done throughout the course of the project, Defendants delayed, failed and/or refused to deliver certain portions of their required performance and materials as required by the Purchase Order and/or the delivery commitments they had made in the discussions regarding proposed Purchase Order

Change Order #1. In addition, some of the performance and materials delivered by Defendants within their required scope of work was deficient and/or defective.  As a result of these actions and omissions of Defendants, Batson-Cook has incurred well in excess of $75,000 in damages, expenses and costs which include, but are not limited to, the following:

    a. Cost and expenses incurred by Batson-Cook over and above the Purchase Order amount for materials required to be supplied by Defendants but not delivered by Defendants;

    b. Installation and removal costs and expenses incurred by Batson-Cook for soffits and rafter tails delivered and installed by Defendants on which paint failed right after installation;

    c. Costs and expenses incurred by Batson-Cook to strip and paint defectively painted materials supplied by Defendants;

    d. Cost and expenses incurred by Batson-Cook to paint soffits and rafter tails supplied by Defendants in unpainted and/or poorly painted condition;

    e. Cost and expenses incurred by Batson-Cook in utilizing its employees and resources to perform work that Defendants failed to perform within their scope of work; and

f. Delay costs and expenses incurred by Batson-Cook arising out of delays, extended general conditions and/or extended equipment costs caused by Defendants' failure to timely perform their scope of work and/or timely provide materials to the project.

## CAUSES OF ACTION

## COUNT I-BREACH OF CONTRACT

14. Plaintiff adopts the allegations contained in Paragraphs 1-13 as if fully set forth herein.

15. As a result of the actions and omissions of Defendants in failing to perform their obligations under the Purchase Order and/or Purchase Order Change Order # 1, Defendants breached their contract with Batson-Cook.

16. As a result of Defendants' breach of contract, Batson-Cook has incurred damages, costs and expenses as described in paragraph 13 (a) –(f) above.

WHEREFORE, Batson-Cook seeks a judgment against Defendants for compensatory damages, interests, expenses, attorneys' fees, costs and all over remedies to which Batson-Cook is entitled under applicable law.

## COUNT II-NEGLIGENCE

17. Plaintiff adopts the allegations contained in Paragraphs 1-13 as if fully set forth herein.

18.     The actions and omissions of Defendants as described in paragraphs 6-13 above constitute negligence by Defendants. This negligence by Defendants has caused Batson-Cook to incur damages as described in paragraph 13(a)-(f) above.

WHEREFORE, Batson-Cook seeks a judgment against Defendants for compensatory damages, interests, expenses, costs and all over remedies to which Batson-Cook is entitled under applicable law.


*/s/Michael C. Niemeyer*
MICHAEL C. NIEMEYER
*Attorney for Plaintiff Batson-Cook Company*

Of Counsel:

**HAND ARENDALL LLC**
Post Office Box 1499
Fairhope, Alabama  36533
Telephone: (251) 990-0079
Facsimile:  (251) 210-0606
mniemeyer@handfirm.com


**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**


Worthington Millwork, LLC
c/o Its Registered Agent Kyle Boatwright
114 S. Conner St.
Suite A
Enterprise, FL 36330

Kyle Boatwright
114 S. Conner St.
Suite A
Enterprise, FL 36330